IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KYLE KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF CHICAGO, CHICAGO POLICE OFFICERS A. ABDELMAJEID Star #14048, T. F. JABER Star # 7270 and UNKNOWN CHICAGO POLICE OFFICERS, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, KYLE KELLY, by and through his attorneys, Smith, Johnson & Antholt, LLC, and complaining of the Defendants CITY OF CHICAGO, CHICAGO POLICE OFFICERS A. ABDELMAJEID Star # 14048, T. F. JABER, Star # 7270 and UNKNOWN CHICAGO POLICE OFFICERS, states as follows:

### Introduction

1. This is a civil action seeking damages against Defendants for committing acts under color of law and depriving Plaintiff of rights secured by the Constitution and laws of the United States, as well as for damages resulting from a false arrest.

**Jurisdiction and Venue**

1. This Court has jurisdiction of this action pursuant to the Civil Rights Act, 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 1343(a), and the Constitution of the United States; it also has pendant jurisdiction as provided by 28 U.S.C. § 1367.

2. Venue is proper under 28 U.S.C. § 1391(b). On information and belief all defendants reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

**Parties**

3. Plaintiff, Kyle Kelly, is a citizen of the United States, who currently resides in Cook County, Illinois.

4. Defendants, Chicago Police Officers A. Abdelmajeid Star # 14048, T. F. Jaber, Star # 7270 and Unknown Chicago Police Officers (henceforth, referred to collectively as "Defendant Officers") were, at the time of this occurrence, Chicago Police Officers. They engaged in the conduct complained of while on duty, in the scope of their employment and under color of law. They are sued in their individual capacities.

5. Defendant City of Chicago, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**Facts**

6. On January 16, 2011, Kyle Kelly drove a friend, Tamara Ferninand to

her home located at 1223 W. 76th Street, Chicago, Illinois.

7. Mr. Kelly stopped his car in front of Ms. Ferninand's home and waited in his car for her to go inside the building.

8. While waiting, a car occupied by Defendant Officers pulled up to Mr. Kelly's car, front bumper to front bumper.

9. The Defendant Officers shined a flashlight in Plaintiff's face.

10. Plaintiff turned his high beam headlights on and off.

11. The Defendant Officers exited their unmarked car and broke the driver's side window of Mr. Kelly's car, dragged him out of the car and threw him face down into the street.

12. Defendant Officers searched Plaintiff and his 2010 Chevrolet Cobalt, which Defendant Officers then impounded.

13. As a result of Defendants misconduct, Plaintiff spent approximately eighteen hours in custody.

14. Mr. Kelly was charged with resisting a peace officer, possession of cannabis and was written traffic tickets.

15. All charges against Plaintiff were dismissed.

### Count I: 42 U.S.C. § 1983
### Fourth Amendment - Excessive Force

17. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

18. The actions of Defendant Officers, detailed above, constitute

unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating Plaintiff's rights under the Fourth Amendment to the United States Constitution.

19. As a result of Defendant's conduct, Plaintiff suffered injuries including bodily harm, pain and suffering.

### Count II: 42 U.S.C. § 1983
### False Arrest

20. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

22. Defendant Officers, acting under color of law, arrested Plaintiff without probable cause.

21. As a result of Defendant Officers' conduct, Plaintiff suffered injuries including emotional distress.

### Count III – 42 U.S.C. § 1983
### Fourth Amendment - Illegal Seizure

22. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

23. The seizure of Plaintiff's 2010 Chevrolet Cobalt, as detailed above, violated Plaintiff's Fourth Amendment right to be free of unreasonable seizures.

24. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's Constitutional rights.

25. As a result of the Defendant Officers' conduct, Plaintiff suffered injuries, including emotional distress.

## Count IV – State Law Claim
## Malicious Prosecution

26. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

27. As more fully described above, Defendants willfully and wantonly initiated criminal proceedings against Plaintiff, and/or caused the criminal proceedings to continue against him, without probable cause to believe that Plaintiff had committed the crime charged.

28. The criminal proceedings against Plaintiff were terminated in his favor, in a manner indicative of innocence.

29. As a direct and proximate result of Defendants' malicious prosecution, Plaintiff suffered financial, physical, and emotional damages.

## Count V – State Law Claim
## Intentional Infliction of Emotional Distress

30. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

31. As more fully described above, the willful and wanton misconduct of Defendant Officers towards Plaintiff was extreme and outrageous.

32. Given the nature of the misconduct described above, Defendant Officers committed their misconduct with knowledge that their actions were likely to cause severe emotional distress to Plaintiff.

33. As a direct and proximate cause of Defendant Officers' misconduct, Plaintiff has suffered severe emotional distress.

### Count VI – State Law Claim
### Battery

34. Each of the foregoing paragraphs are incorporated as if restated fully herein.

35. As described in the preceding paragraphs the actions of the Defendant Officers constituted offensive physical contact made without the consent of Plaintiff.

36. The Defendant Officers' actions were undertaken intentionally, willfully and wantonly, and with reckless indifference or conscious disregard for the safety of others.

37. The Defendant Officers' conduct was the proximate cause of Plaintiffs' bodily harm and emotional distress.

### Count VII – 42 U.S.C. § 1983
### Indemnification

38. Each of the foregoing paragraphs is incorporated as if restated fully herein.

39. Defendant City of Chicago is the employer of the Defendant Officers.

40. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

41. Should a Defendant Officer be found liable on one or more of the claims set forth above, Plaintiff's demand that, pursuant to 745 ILCS 10/9-102, the Defendant City be found liable for any judgment Plaintiff obtains against said Defendant Officer, as well as attorneys' fees and costs awarded.

WHEREFORE, Plaintiff demands judgment against Defendant

Officers and Defendant City for compensatory and punitive damages, plus the costs of this action and attorney's fees and such other additional relief as this court deems equitable and just.

RESPECTFULLY SUBMITTED

Kyle Kelly

/s/Robert W. Johnson
By: An Attorney for Plaintiff

PLAINTIFF DEMANDS TRIAL BY JURY

Christopher R. Smith
Robert W. Johnson
Amanda Antholt
James M. Baranyk
Smith, Johnson, & Antholt, LLC.
112 S. Sangamon, Suite 3A,
Chicago, Illinois 60607
312.432.0400